NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

  v.

JESUS CELAYA,

        Defendant - Appellant.

No. 24-6562

D.C. No.
2:21-cr-00225-TLN-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submission Deferred March 16, 2026
Resubmitted July 9, 2026[**]
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

    Jesus Celaya (Celaya) appeals the 73-month sentence imposed after he pled

guilty to two counts of distributing methamphetamine in violation of 21 U.S.C.

§ 841(a)(1). Celaya maintains that the district court did not adequately explain

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

why it overruled Celaya's objections to the base offense level calculation.  We have jurisdiction under 28 U.S.C. § 1291.  Because we conclude that Celaya waived his right to appeal the sentence imposed, we dismiss this appeal.

"We review de novo whether a defendant waived his right to appeal under a plea agreement." *United States v. Goodall*, 21 F.4th 555, 561 (9th Cir. 2021) (citation omitted), *as amended*.

"A waiver of appellate rights is enforceable if (1) the language of the waiver encompasses the defendant's right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made. . . ." *United States v. Sandeen*, 105 F.4th 1173, 1178 (9th Cir. 2024) (citation, alteration, and internal quotation marks omitted).  Celaya agreed "to give up the right to appeal any aspect of the guilty plea, conviction, and the sentence imposed in this case."  The only exceptions were if "(1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case."  Because these exceptions did not occur, Celaya's appeal is covered by the language of the plea agreement.  *See id.*

Celaya agreed to the plea agreement knowingly and voluntarily.  At his change-of-plea hearing, Celaya acknowledged that he had read the plea agreement and understood it.  The district court advised Celaya that he was "also waiving [his] right to appeal or to collaterally attack [his] conviction or [his] sentence in

this matter," and asked "[d]o you wish to waive those rights, as well?" Celaya responded, "[y]es." Celaya's plea agreement is therefore valid and enforceable. *See United States v. Wells*, 29 F.4th 580, 583-84 (9th Cir. 2022); *see also Goodall*, 21 F.4th at 561-62 (upholding an appeal waiver using the same disjunctive "conviction or sentence" language).

"[A]n agreement not to appeal a sentence is unenforceable when it would result in a miscarriage of justice—meaning, when it would leave in place the kind of egregious error that would bring the judicial system into disrepute." *Hunter v. United States*, 146 S.Ct. 1702, 1708 (2026).

Celaya's challenge to his appeal waiver rests on the district court overruling his objections to the sentencing guidelines calculation. However, in *Hunter*, the Supreme Court specifically excluded "standard-fare errors in misapplying sentencing law" from the kind of errors that may overcome an appeal waiver. *See id.* at 1713. Thus, we must enforce Celaya's waiver of his right to appeal the sentence imposed. *See id.*

**APPEAL DISMISSED.**